**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ELAINE KAY MAIER,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No.: 1:25-cv-07534<br><br>Judge Jorge L. Alonso<br><br>Magistrate Judge Albert Berry, III |

**MOTION TO MODIFY CONSENT JUDGMENT**

Plaintiff, Elaine Kay Maier ("Plaintiff"), respectfully moves the Court to modify the Consent Judgment entered on August 24, 2026 [66] against Defendant Nos. 1 MONISUN ART et al. (collectively, the "Defendants"), for the single purpose[1] of correcting the corporate name of the non-party e-commerce platform that the Consent Judgment orders to transfer the settlement funds to Plaintiff. A redline version of the proposed Corrected Consent Judgment is attached hereto as **Exhibit A,** and a clean version has been submitted to the Court's proposed order inbox. In support, Plaintiff states as follows:

[1] "Defendants" include Defendant Nos. 1 MONISUN ART, 2 Oil Painting Arts, 3 YFFS Art Painting, 5 Artistic Life Local, 6 HHY Art Painting, 13 LIYI WALL ART, 14 Fish Fish Wall Art, 15 Blackberry Canvas Painting Shop, 17 WaLLICA, 18 Fine great art, 20 Classic CanvasArt, 23 Fine Wall Art, 25 HDL WALL ART, 30 cocoart shop, 31 HHW Art Painting, 33 Luxe Fine Art, 34 Glorystar Art Printing, 35 GREAT ARTISTE, 36 Pensouth shop, 37 Art Life Printing, 38 LYL ART, 39 LCR ART, 42 Hittie, 43 HDE Art Painting, 47 DANIFY, 68 Fun Supply Wall Art, 69 FishGirl Wall Art, 71 Canvas Reflections, 72 Artistic creator, 73 LWT ART, 74 GTMA WALL ART, 75 SJFC Art Painting, 76 NB poster, 77 Fishbabe Wall Art, 80 GX ART, 81 FINE Decorative Picture, 82 poster good, 85 Beautiful poster house, 88 Anan decorative painting, 89 ENERGIES, 90 DESSERTES, 91 METALES, 98 TOHOMA, 110 GRAPESSS, 114 BJHG Mall, 116 JJJ Wall Decor, 117 Dragon Wall Art, 119 Jwallart, 125 Blooming means blooming, 127 Holiday decoration posters, 128 Happyposter, 137 BkFuture, 138 Magical paintings, 139 LLX ART, 140 LGYING ART, 142 The poster looks great, 143 Fish Anime Wall Art, 144 Firstmeet Poster, 146 LuckyStar Wall Art, 170 rainbow poster art, 171 Snail Drawing Poster, and 176 Meet Art poster.

The Consent Judgment awards Plaintiff forty-six thousand five hundred dollars ($46,500) in damages and orders the e-commerce platform holding Defendants' seller-account funds to transfer that sum to Plaintiff within seven calendar days of receipt of the Order. [66 ¶ 3]. It identifies that platform as "Temu LLC." The correct corporate name, however, is Whaleco, Inc. d/b/a Temu. The misnomer has stalled payment. The platform has advised Plaintiff's counsel that it will not process the transfer the Consent Judgment directs unless the entity ordered to act is identified in the Court's order as Whaleco, Inc. d/b/a Temu rather than Temu LLC.

Rule 60(a) exists for precisely this. The Court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record," and "may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). "Such clerical mistakes include the inadvertent mislabelling of a party's name." *Chrysler Credit Corp. v. Anthony Dodge, Inc.*, No. 92 C 5273, 1996 WL 509888, at *4 (N.D. Ill. Sept. 4, 1996); *see PacifiCorp Capital, Inc. v. Hansen Props.*, 161 F.R.D. 285, 287 (S.D.N.Y. 1995) ("By this time, it is plain that misnomers with respect to parties may be corrected pursuant to this Rule.").

What the Court adjudicated is untouched. A Rule 60(a) correction "changes nothing of substance but is used to restore the original meaning of the judgment," *Grunt Style LLC v. TWD, LLC*, 140 F.4th 839, 849 (7th Cir. 2025), and that is all the requested correction does: the Damage Amount, the findings of personal jurisdiction and copyright liability, the permanent injunction, the Court's retention of jurisdiction, and Plaintiff's entitlement to reasonable attorneys' fees and costs incurred in enforcement all stand precisely as entered.

Neither the entry of the Consent Judgment nor the closure of this action bars relief. Rule 60(a) fixes no deadline, and "when the error is 'clerical' the time of correction does not matter." *United States v. Griffin*, 782 F.2d 1393, 1398 (7th Cir. 1986). The Seventh Circuit has ordered

technical repairs to a judgment seventeen years after its entry, observing that "[t]echnical repair work may be done at any time" and that "[s]lips of the judicial pen ought not cost litigants their substantive rights." *TDK Elecs. Corp. v. Draiman*, 321 F.3d 677, 679 (7th Cir. 2003). A correction under the rule operates *nunc pro tunc*, relating back to the original entry. *Grunt Style*, 140 F.4th at 848.

Plaintiff therefore respectfully requests that the Court modify the Consent Judgment [66] and enter the proposed Corrected Consent Judgment attached hereto as Exhibit A, which identifies the entity ordered to transfer the Damage Amount as Whaleco, Inc. d/b/a Temu rather than Temu LLC, and leaves the Consent Judgment otherwise unchanged.

DATED: September 2, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on September 2, 2026, with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all attorneys and parties of record.

*/s/ Keith A. Vogt*
Keith A. Vogt